IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA BRITT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-2512 |
| | § | |
| BTCSP, LLC AND BOOMERANG TUBE, LLC, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Patricia Britt ("Plaintiff" or "Britt") bring this action against Defendants BTCSP, LLC and Boomerang Tube, LLC (collectively "Defendants" or "Boomerang") to address gender discrimination and retaliation by Boomerang in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e *et seq.*, as amended by the Civil Rights Act of 1991. In support of her Complaint, Britt would show the Court as follows:

### 1. INTRODUCTION

1.1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

1.2. In this action, Plaintiff seeks equitable relief, compensatory and punitive damages, attorneys' fees, expert witness fees, taxable court costs, pre-judgment and post-judgment interest. Plaintiff alleges that she was subjected to sexual harassment. She has met her *prima facie* case in that (1) she is a member of the protected class; (2) she was subjected to unwelcome sexual harassment in the form of sexually offensive comments, sexual advances or requests for sexual favors; (3) the harassment complained of was based on her sex; and (4) a tangible employment action resulted from her refusal to submit to the sexually offensive comments, sexual advances or requests for sexual favors.

1.3. Following Plaintiff's complaints of sexual harassment, Defendants failed to take actions to stop the harassment, but instead retaliated against her for having made the complaints. The retaliation culminated in the termination of her employment.

## 2. JURISDICTION AND VENUE

2.1. The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331. The jurisdiction of this Court is invoked pursuant to Title VII.

2.2. Venue is appropriate in the United States District Court for the Southern District of Texas, in that the Defendants have significant contacts within this District, the Plaintiff resides within this District, and the events that gave rise to this cause of action occurred in this District.

2.3. All conditions precedent to the filing of this action have been met by Plaintiff in that she has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a Notice of Right to Sue from the EEOC. This lawsuit is being filed within ninety (90) days of the receipt of the Notice from the EEOC.

## 3. PARTIES

3.1. Plaintiff Patricia A. Britt is a resident of Conroe, Montgomery County, Texas.

3.2. Defendant BTCSP LLC is a domestic corporation and may be served with process through its agent for service of process, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3.3. Defendant Boomerang Tube, LLC is a domestic corporation and may be served with process through its agent for service of process, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

3.4. Both Defendants are headquartered at 14567 N. Outer 40 Rd., Ste. 500, Chesterfield, MO 63017-5757. Defendants operate a 119 acre plant site near Liberty, Texas, where Plaintiff was employed and the events giving rise to this lawsuit occurred.

## 4. FACTS

4.1. Plaintiff was originally employed by Defendants on or about August 30, 2010. Plaintiff was employed as a crush operator, relief operator, and lead man. She was one of the first 150 hourly employees to be hired by Defendants. When she was fired, Defendants had over 1,000 employees. She was a lead man at the time of my termination.

4.2. Shortly after Plaintiff commenced her employment with Defendants, her supervisors and co-workers began to make sexually suggestive comments. As Plaintiff's role within Defendants changed, the sexual harassment intensified. Sexually suggestive and harassing comments continued to be made and statements about her were written in the men's bathroom on the production floor. In addition to verbal and written comments of a sexually harassing nature, Defendants' employees engaged in physical contact which was offensive and unwelcome.

4.3. Plaintiff did not initially report the sexual harassment as she was afraid for her job and ashamed that such conduct was occurring without intervention by Defendants. During Plaintiff's entire tenure with Defendants, they did not provide sexual harassment training to its employees. Members of management, as well as Plaintiff's co-workers, engaged in the sexual harassment.

4.4. While she remained fearful for her job, Plaintiff did report the sexual harassment to Human Resources. Within a couple of weeks of her complaint, counsel for Defendants flew in from the corporate headquarters from Missouri to meet with Plaintiff. The actions of the attorney were intimidating, rather than trying to correct what Plaintiff felt was an intolerable situation. On

information and belief, the lawyer recorded the conversation. After the meeting, Plaintiff sent photos to the attorney which supported Plaintiff's claim of a sexually charged hostile work environment.

4.5. Defendants never reported to Plaintiff the results of the investigation of her complaints of sexual harassment. None of the employees who she identified as having engaged in sexual harassment were, to her knowledge, ever disciplined for their actions. The supervisor who engaged in sexual harassment remained employed by Defendants.

4.6. After Plaintiff's complaint to Human Resources and the attorney, Defendants transferred her to another department. Plaintiff did not request this transfer. When she arrived in the department, two of the supervisors told her that they thought she had been transferred there for them to fire her. The transfer and the comments constituted illegal retaliation.

4.7. Despite her complaints, the sexual harassment continued even after this transfer.

4.8. Following Plaintiff's transfer and true to their words, the supervisors retaliated against her and ultimately terminated her employment on December 14, 2012.

4.9. Prior to being terminated, Plaintiff asked the Plant Manager to move her because of the way she was being treated. The Plant Manager did not move her.

4.10. Even after her complaints of sexual harassment, Defendants took no steps to provide a workplace free from harassment. Rather, as evidenced by the comments of the supervisors, Defendants' plan was to get rid of her for her protected complaints.

4.11. Plaintiff has been discriminated against based on her gender in violation of Title VII with respect to opportunities in employment, their pay and other terms and conditions of employment.

4.12. After voicing complaints of unfair and harassing treatment, Plaintiff was subjected to retaliation in violation of Title VII.

## 5. CAUSES OF ACTION

A. **DISCRIMINATION IN VIOLATION OF TITLE VII.**

5.1. Plaintiff incorporates by reference all preceding facts as set forth above in Paragraphs 4.1 through 4.12.

5.2. During her employment, Plaintiff was subjected to unlawful discrimination and sexual harassment because of her gender. Plaintiff was the victim of sexual harassment and gender discrimination in violation of Title VII.

5.3. Defendants intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of Title VII. Defendants either knew or should have known of the sexual harassment and took no steps to stop the harassment from continuing. Once made aware of Plaintiff's complaints of sexual harassment, Defendants took no steps to stop the harassment; rather, they sent her to another department to find a way to terminate her employment.

5.4. Plaintiff suffered damages as a result of the unlawful discrimination, including financial losses in the past and future, as well as past and future emotional damages, and all other damages as permitted at law.

B. **RETALIATION IN VIOLATION OF TITLE VII.**

5.5. Plaintiff incorporates by reference all preceding facts as set forth above in Paragraphs 4.1 through 4.12.

5.6. After voicing complaints of discrimination, Defendants retaliated against Plaintiff.

5.7. This retaliation ultimately culminated in the termination of Plaintiff.

5.8. Defendants' actions constitute retaliation under Title VII.

5.09. Plaintiff suffered damages as a result of the unlawful retaliation, including financial losses in the past and future, as well as past and future emotional damages, and all other damages as permitted at law.

## 6. DAMAGES AND ATTORNEYS' FEES

6.1. As a result of Defendants' intentional and discriminatory acts described above, Plaintiff has sustained lost wages and benefits. Plaintiff sues for equitable relief, compensatory and punitive damages, attorneys' fees, taxable court costs, past and future wages.

6.2. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff to retain the services of SHELLIST LAZARZ SLOBIN LLP, 11 Greenway Plaza, Suite 1515, Houston, Texas 77046, in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees as is allowed under Title VII.

## 7. PRAYER

7.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause Plaintiff has the following relief:

7.2. All damages sustained as a result of Defendants' conduct, including back pay, front pay, lost past and future benefits, compensatory and punitive damages;

7.3. Compensation for any and all future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

7.4. Pre-judgment and post-judgment interest at the highest legal rate until paid;

7.5. Reasonable and necessary attorneys' fees;

7.6. Costs and expenses; and

7.7. Such other and further relief, at law or in equity, general or special to which Plaintiff may show her justly entitled.

          Respectfully submitted

          **SHELLIST | LAZARZ | SLOBIN LLP**

          */s/ J.Alfred Southerland*_____
          J. ALFRED SOUTHERLAND
          State Bar No. 18860050
          alfsoutherland@sls-lawyers.com
          11 Greenway Plaza, Suite 1515
          Houston, Texas 77046
          Telephone: (713) 621-2277
          Facsimile:  (713) 621-0993

          **ATTORNEYS FOR PLAINTIFF**